IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
---------------------------------X
WILLETTE DE JESUS BY HER;         :
THE CONJUGAL PARTNERSHIP          : CASE NO.:
CONSTITUTED BY WILLETTE DE JESUS  :
AND RAFAEL DE JESUS;              : PLAINTIFF DEMAND TRIAL
AND/OR THE COMMUNITY PROPERTY     : BY JURY
CONSTITUTED BY WILLETTE DE        :
JESUS AND RAFAEL DE JESUS         :
                                  :
Plaintiffs,                       :
                                  :
                                  :
          -vs.-                   :
                                  :
WAL-MART PUERTO RICO, INC.;       :
WAL MART OF SAN JUAN # 5803;      :
X Y AND Z INSURANCE COMPANIES;    :
ROBERT DOE, MARY DOE, JOHN DOE,   :
MARK DOE, JOE DOE AND CLARK DOE   :
                                  :
Defendants,                       :
---------------------------------X
```

**COMPLAINT**

**TO THE HONORABLE COURT:**

    **COME NOW**, plaintiffs through their undersigned attorney and very respectfully state, allege and pray:

### I. FEDERAL JURISDICTION AND VENUE

    1.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 over state law claims under Articles 1540, 1539, and 1536 of the Civil Code of Puerto Rico of 2020 over plaintiffs; in that there is complete diversity

1

of citizenship among the parties and the amount in controversy, exclusive of interest and costs, which exceeds $75,000 Dollars. This Court has supplemental jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1367; regarding the conjugal partnership and/or community property constituted, over state law claims under Articles 1540, 1539, and 1536 of the Civil Code of Puerto Rico of the year 2020.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that the events giving rise to the claim arose in this District.

## II. PARTIES

3. Plaintiffs, Willette De Jesus by her, the conjugal partnership and/or community property constituted between Willette De Jesus and Rafael De Jesus, are citizens of the State of Texas, residing and with intention to live at Houston, Texas. At the time this complaint is filed plaintiffs have the intention to have their domicile and citizenship within the State of Texas.

4. Defendant, Wal-Mart Puerto Rico, Inc., is a legal entity organized under the laws and with its principal place of business in the Commonwealth of Puerto Rico.

5. Defendant, WAL MART OF SAN JUAN # 5803, is a legal entity organized under the laws of Puerto Rico, and with its principal place of business in the Commonwealth of Puerto Rico.

6. Defendants, X, Y and Z INSURANCE COMPANIES are the fictitious name of the insurance's company whose place of business is in a state or foreign country other than the State of Texas. They had at all relevant time an insurance's policy to cover the damages alleged in the Complaint. It is designated with these names because their true identity is not known at the present time.

7. Defendants, Robert Doe and Mary Doe; are citizens of the United States but residents of a state other than the State of Texas. They are designated with these names because their true identities are not known at the present time because they are spouses and conjugal partnerships constituted with any of the defendants.

8. Defendants, John and Mark Doe are citizens of the United States but residents of a state other than the State of Texas. They are designated with these names because their true identities are not known at the present time.

9. Defendants, Joe DOE and Clark Doe are corporations organized under the laws and with their principal place of business in a state other than the State of Texas. They are designated with these names because their true identities are not known at the present time.

### III. FACTS

10. Defendants, Wal-Mart Puerto Rico, Inc. and , WAL MART OF SAN JUAN # 5803 and/or defendants (hereinafter referred to as "Defendant(s)") owned, managed, operated, maintained, and/or controlled the area in the Wal Mart of San Juan #5803.

11. At all time, Plaintiff was lawfully at Wal Mart of San Juan #5803.

12. On April 8, 2022, Plaintiff Willette De Jesus was walking on an aisle shopping in the Wal Mart of San Juan #5803, while facing the products on the shelves.

13. A Walmart employee, while pushing(instead of pulling) a heavy freight with store products in tow, came down her aisle and negligently knocked Willette De Jesus to the floor. The employee had just turned in the aisle too fast in order to properly identify that plaintiff was standing in the aisle, and stop in time to prevent the accident. The employee was towing the heavy freight with store products in a manner that he could not see who was down the aisle. The employee was negligent because he did not stop in time the towing of the heavy freight with store products, order to prevent the accident.

14. The employee of the defendants and/or defendants could have foreseen that the way it was pushed the heavy freight down

4

the aisle in where Willette De Jesus was knocked down, could have injured the plaintiff.

15. No warning sign was placed in the area of the accident, notifying that a heavy freight was going to be pushed down the aisle. Also, Defendants were negligent because they could have closed the aisle so clients do not use it, before they tow the heavy freight with store products.

16. Plaintiff never knew that the heavy freight was going to be pushed down the aisle.

17. Defendants financially benefited from the operation and/or ownership of Wal Mart of San Juan #5803.

18. Defendant had knowledge or should have known that the way it was tow the heavy freight with store products, down the aisle could have knocked and physical impact Willette De Jesus to the floor.

19. Plaintiff Willette De Jesus due to the acts and/or omissions of the employee of Wal Mart and/or of the defendants received injuries to the following areas of her body: thoracic, lumbar, pelvic, right shoulder, left knee and other areas. She suffered serious, painful, and permanent injuries in her body.

20. Plaintiff Willette De Jesus after her accident went to hospitals and doctors in order to receive medical attention, including a therapies.

5

21. Upon information and belief, defendants by conduct of their employees failed to carefully tow and push down the aisle the heavy freight with store products. The way the heavy freight with store products was tow was unreasonably dangerous or unsafe. Defendants knew or should have known of the dangerous or unsafe condition.

22. At all times, material hereto Defendants owed a duty to maintain its premises, in a reasonably safe condition, to correct any dangerous conditions that they knew or should have reasonable known of through the use of reasonable care, and to warn of any dangerous conditions that Defendants knew or should have known of and which were not apparent to Plaintiff.

23. Defendants breached the aforementioned duties by:

   a. Negligently failing to carefully tow the heavy freight with store products in order to eliminate the dangerous or hazardous condition.

   b. Negligently inspecting the aisle before towing the heavy freight with store products in order identify the potential hazards or problems, because it was foreseeable that a client at Wal Mart of San Juan #5803, could be knocked and/or impacted.

   c. Negligently failing to develop inspection and maintenance protocol in order to identify the potential hazards or problems, thereby allowing same to become unsafe.

   d. Negligently failing to warn plaintiff Willette De Jesus regarding the towing of the heavy freight with store products, when Defendants

6

    knew or should have known it was dangerous to do so.

 e. Failing to exercise due care with respect to matters alleged in this Complaint.

## V. DAMAGES

24. As a direct and proximate result, of the negligence of Defendants, Plaintiff, Willette De Jesus, suffered bodily injury at the following areas: thoracic, lumbar, pelvic, right shoulder, left knee and other areas, and resulting in pain and suffering, disability, impairment, loss of capacity for the enjoyment of life, impairment in her leg, impairment in her back and other areas, expenses of hospitalizations, expenses with doctors, expenses in medications, expenses in medical and/or treatment, loss of earnings, loss of ability to earn money, plaintiffs lost income for a period of time. Plaintiff has received more than 30 therapies. The losses are either permanent in nature and/or continuing and the Plaintiff will suffer the losses in the future. The injury consists in whole or in part of significant and permanent loss of an important bodily function, for example in her back, loss of an important bodily function in her left leg, and a permanent injury within a reasonable degree of medical probability. Plaintiff Willette De Jesus is claiming her permanent

impairment and/or impediment that she has developed in his back, and other areas. Plaintiffs are claiming their loss of income and/or future loss of income, past and future medical expenses. Plaintiffs are claiming the damages caused due to the over 30 therapies received by Willette De Jesus. Furthermore, plaintiff Willette De Jesus have suffered continuous emotional damages, pain and suffering damages during the whole year after the accident. She has suffered emotional pain since the day of the accident, and will continue. She lost sleep, mode changes, suffers of anxiety, has flash back, and other emotional damages. Plaintiffs claim all those damages for the amount of four million dollars($4,000,000.00).

## VI. CAUSES OF ACTION

25. The First Circuit of Boston in the case of Vázquez-Filippetti, vs Banco Popular, 504 F3d 43, 50(2007); states:

> "Torres, 233 F.Supp.2d at 278(internal citations omitted). **Cases premised on the existence of a dangerous condition often arise from a slip and fall, caused by a wet or slippery floor**, and involve a claim that the business owner was negligent in permitting the condition to remain **because it is foreseeable that a wet floor is likely to cause injury**…."

26. The way it was tow the heavy freight with store products by the aisle, it was foreseeable the accident of Willette De Jesus.

8

Those facts stated before establish the breach of duty, the proximate or adequate cause of Willette De Jesus' accident. Those facts established liability under articles 1540, 1539, and 1536 of the Civil Code of Puerto Rico of 2020.

27. In Arthur Jiménez v. Desarrolladora del Norte S en C, S.E., 2010 WL 3087497, at pages 3-4, in a slip copy of the U.S. District Court for the District of Puerto Rico; states:

> "….Thus, in order to prevail in a general tort claim under Puerto Rico law, a party must establish the following elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." *Vazquez-Filippetti v. Banco Popular de Puerto Rico,* 504 F.3d 43, 49 (1st. Cir. 2007) (*citing Torres v. Kmart Corp.* 233 F.Supp.2d 273, 277-78(D.P.R.2002)).
>
> ………..
>
> 'As is true in most jurisdictions, foreseeability is a central issue in these cases, as it is an element of both breach of duty and proximate cause'. *Vazquez-Filippetti v. Banco Popular de Puerto Rico,* 504 F.3d 43, 49 (1st Cir.2007)(internal citations omitted). *See also Marshall v. Perez-Arzuaga,* 828 F.2d 845, 847 (1st Cir. 1987). ………………………..
> *4 "[Proximate cause is also defined in terms of foreseeability." *Malavé-Félix v. Volvo Car Corp.,* 946 F.2d 967, 971 (1st Cir. 1991). "Once a plaintiff has demonstrated that the defendant was negligent (meaning that the defendant breached its duty of care), [he/she] must then demonstrate that the defendant's negligence was the proximate cause of her injuries." *Vazquez-Filippetti,* 504 F.3d at 49n. 6. "A defendant's actions may only be the

9

proximate cause of a plaintiff's injuries if they in fact caused the injuries and the defendant could have reasonably foreseen that the injuries (or related harms) would result from his actions." *Id.* (internal citations omitted).

"In particular, claims based on allegedly dangerous conditions on commercial property ("premises liability claims") require a showing that the defendant knew of or should have foreseen the risks created by the condition." *Id.* at 50.

………………………………………..
………………………………………..
………………………………………..

(in slip and fall cases under Puerto Rico law, liability attaches to the owner of a business when the dangerous condition was known or should have been known to the owner)."

28. Edward F. Kaden v. Wyndham El Conquistador Resort & Country Club, 2005 WL 1949694, at page 6, not reported in F.Sup.2d, U.S. District Court, District of Puerto Rico; states:

> '"In Puerto Rico, an owner of a commercial establishment is potentially liable for all injuries occurring in areas where it has retained control." *Bou Maldonado,* 2001 WL 1636768, at *3 (*citing Cotto v. C.M. Insurance Co*., 116 D.P.R. 644 (1985); *Aponte Betancourt v. Melendez,* 87 D.P.R. 619 (1963); *Goose v. Hilton Hotels,* 79 D.P.R. 494 (1956)). …….
>
> This duty of care requires that commercial establishments "take the necessary precautions or … adopt the necessary security measures to preserve the safety of their costumer." *Bou Maldonado,* 2001 WL 1636768, at *3. Nevertheless, commercial establishments are not "liable for events that cannot be foreseen, or for those that, having been foreseen, are inevitable." *Id.* In sum, plaintiffs must prove that the injury was reasonably foreseeable and that it could have

10

been avoided had defendant acted with care. *See Woods-Leber,* 124 F.3d at 51."

29. In Isabelita Mas, v. United States of America, 984 F.2d 527, 529-530 (1st Cir. 1993); states:

> "……the Court incorporated language of actual and constructive knowledge in its opinion in *Cotto v. Consolidated Mutual Insurance Co.,* 116 D.P.R. 644 (1985). ………………………..
> ………………………..
> As we find *Cotto* to reflect the current state of the law in Puerto Rico, we agree with the district court on the result of this case. Section 5141 requires, as an element, an affirmative showing by the plaintiff that the defendant was negligent. This showing, in turn, requires a demonstration that the defendant has either actual or constructive knowledge or a dangerous condition….."

30. In the case of Marquez v. Casa de España de Puerto Rico, 59 F.Supp.3d 409, 414 **at footnote 1**(D. Puerto Rico 2014); expresses:

> "**it is the failure to correct, in the exercise of due care, a known hazardous condition** or one of which the [property owner], in the exercise of due care, should be aware, **or the failure to effectively warn invitees of its presence**, that constitutes fault or negligence."

31. Defendants breached of all the prior duties caused the damages of the plaintiffs.

31. Pursuant to the Puerto Rico Insurance Code a casualty or liability insurance carrier, is independently liable in a direct action to the plaintiff, for any negligence or fault or condition insured against, up to the merits of liability of the insurance

11

contract.

 32. Plaintiffs demand a jury trial.

**WHEREFORE,** plaintiffs respectfully request that judgment be granted in the favor of them, and against the Defendants jointly and severally as follows:

 (a) Five Million ($4,000,000.00) Dollars;

 (b) Awarding costs, disbursements and attorney's fees to Plaintiffs; and

 (c) Such other relief as this Court may deem just and proper.

In San Juan, Puerto Rico, this 7th day of April, 2023.

      s/Glenn Carl James
      Glenn Carl James
      USDC- 207,706
      JAMES LAW OFFICES
      PMB 501
      1353 Ave. Luis Vigoreaux
      GUAYNABO, PR 00966-2700
      Tel. (787)616-2885
      E-mail:
      glenncarljameslawoffices@gmail.com